UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **In re:** Julio Carballal and<br>Kathy Yvonne Carballal,<br>     Debtors | **Case No**. 10-30170-DOT |
| Jamyce Vinson,<br>     Plaintiff, | |
| v. | **Adv. Pro. No.** 12-03002-DOT |
| Julio Carballal and<br>Kathy Yvonne Carballal,<br>     Defendants | |

## MEMORANDUM OPINION AND ORDER

Trial was held April 24, 2012, on the complaint filed by plaintiff Jamyce Vinson against debtors Julio Carballal and Kathy Yvonne Carballal. The complaint sought to except from discharge, pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), an indebtedness in the amount of $843 allegedly owed to Ms. Vinson by Mrs. Carballal. At trial all parties testified and evidence was presented. At the conclusion of trial, the court ruled from the bench that judgment would be entered for the defendants and the complaint would be dismissed.

Also heard on April 24, 2012, was Ms. Vinson's "Motion to Dismiss Pleading." The motion raises many of the same issues advanced in the dischargeability complaint. The court dismisses those portions of the motion addressing dischargeability, as the court has addressed those issues in its resolution of the dischargeability complaint. The court considers the remaining issues in the motion

1

to be in the nature of an objection to debtors' already confirmed chapter 13 plan. For reasons announced from the bench, the motion will be denied. This opinion supplements the court's bench rulings on both the adversary proceeding and the "Motion to Dismiss."

The plaintiff presented no evidence that Mr. Carballal was involved in the matters that are the subject of plaintiff's complaint. Therefore, the complaint must be dismissed as to Mr. Carballal for complete lack of proof.

At the outset of the trial, the court noted that the elements of § 523(a)(6), which excepts from discharge debts for willful and malicious injury, were not satisfied by the facts pled by Ms. Vinson. Further, the court noted that the elements of § 523(a)(4), which excepts from discharge debts for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," appeared to be unsatisfied as well, as Mrs. Carballal was not a fiduciary and there was no allegation of larceny or embezzlement.[1] Plaintiff proceeded to trial with respect to her allegations under Bankruptcy Code § 523(a)(2)(A), and presented no evidence or argument with respect to §§ 523(a)(4) or (a)(6). Therefore the complaint will be dismissed as to these latter provisions for lack of proof.

A debt may be excepted from the discharge of § 727 (a) on grounds of fraud pursuant to Bankruptcy Code § 523 (a)(2)(A), which provides in part:

---

[1] The court notes that Ms. Vinson presented some evidence as to a missing tablecloth, but the evidence did not satisfy the requirements of larceny or embezzlement.

2

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;...

In order to prevail in a claim under § 523 (a)(2)(A), the plaintiff must establish:

> (1) that the debtor made misrepresentation or committed other fraud;
> (2) that at the time the debtor knew the conduct was fraudulent;
> (3) that the debtor's conduct was with the <u>intention and purpose</u> of deceiving or defrauding the creditor;
> (4) that the creditor relied on the debtor's representations or other fraud; and
> (5) that the creditor sustained loss and damage as the proximate result of the representations or fraud.

*Western Union Corp. v. Ketaner (In re Ketaner)*, 154 B.R. 459, 464-465 (Bankr. E.D. Va. 1992); *see also Kendrick v. Pleasants (In re Pleasants)*, 231 B.R. 893, 897 (Bankr. E.D. Va. 1999), *aff'd* 219 F.3d 372 (4th Cir. 2000); *Marunaka Dainichi Co. Ltd. v. Yamada (In re Yamada)*, 197 B.R. 37 (Bankr. E.D. Va. 1996). A creditor bringing an action under § 523 (a)(2)(A) must prove each element by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

The gist of the plaintiff's allegations was that Mrs. Carballal fraudulently ordered food from plaintiff's catering business for which she fraudulently did not pay. The court determined that Mrs. Carballal committed no fraud because she placed food orders not for herself but for her employer, who ultimately failed to pay as he failed to pay Mrs. Carballal's salary. During the presentation of evidence, Ms. Vinson sought to present additional documentary evidence pursuant to a motion she had filed the day prior to trial. The court denied the motion, finding that the

documents sought to be presented were not relevant. At the conclusion of trial the court found that plaintiff had failed to prove any of the necessary elements of the statute as to Mrs. Carballal.

Therefore, for the reasons stated above and for reasons stated by the court from the bench at the conclusion of trial, the plaintiff's complaint will be dismissed.

Also, at the conclusion of trial the court instructed Ms. Vinson to file a formal proof of claim in debtors' bankruptcy case, as her proof of claim has not yet been filed but was only an attachment to the complaint in this adversary proceeding. Proper filing of the proof of claim will ensure that Ms. Vinson shares in the distribution being made by the chapter 13 trustee to debtors' unsecured creditors. Further, the court ordered debtors to extend the term of their chapter 13 plan from 56 months to 60 months to ensure that the plan remains fully funded with the addition of Ms. Vinson's claim. As Ms. Vinson's claim may be paid pro rata in accordance with the terms of debtors' chapter 13 plan without detriment to other unsecured creditors, the court will deny Ms. Vinson's objection to the plan.

For the foregoing reasons,

IT IS ORDERED that the complaint filed by Jamyce Vinson against debtors Julio Carballal and Kathy Yvonne Carballal is DISMISSED, and it is further

ORDERED that Jamyce Vinson's "Motion to Approve Introduction of Additional Exhibits at Trial" is DENIED.

A separate order will be issued on Jamyce Vinson's Motion to Dismiss Debtors' Petition.

Entered: <u>May 7, 2012</u>

                                        <u>/s/ Douglas O. Tice Jr.</u>
                                        Chief Judge
                                        United States Bankruptcy Court
                                        Eastern District of Virginia

Copies:

Julio Carballal
4422 Chickahominy Ave.
Henrico, VA 23222

Kathy Yvonne Carballal
4422 Chickahominy Ave.
Richmond, VA 23222

Julia Bonham Adair
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780

Jamyce Vinson
10921 Spray Ct.
Glen Allen, VA 23060